**JACKSON LEWIS P.C.**
Andrew D. La Fiura (PA ID # 020112004)
Sophia M. Czerniecki (PA ID # 510822024)
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7809
andrew.lafiura@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES AUBLE,<br>409 Kennedy Drive<br>Archbald, PA 18403<br><br>    Plaintiff,<br> v.<br><br>MCLANE EASTERN, INC<br>4747 McLane Parkway<br>Temple, TX 76504<br><br>    Defendant. | Hon._____, U.S.D.J.<br><br>Docket No.: _____ |

### NOTICE AND PETITION FOR REMOVAL

**PLEASE TAKE NOTICE** that Defendant, McLane/Eastern, Inc., d/b/a McLane

PA ("Defendant") by and through its attorneys of record, Jackson Lewis P.C., hereby

files this Notice and Petition for Removal, seeking to remove the action captioned *James*

*Auble v. McLane Eastern, Inc.*, No. 25-cv-9701 filed by Plaintiff James Auble

1

("Plaintiff" or "Auble"), currently pending in the Court of Common Pleas, Lackawanna County (the "State Court Action"), to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

## TIMELINESS OF REMOVAL

1.    On December 8, 2025, Plaintiff commenced the State Court Action by filing a Complaint in the Pennsylvania Court of Common Pleas, Lackawanna County.

2.    The action was assigned Case Identification Number: 25-cv-9701.

3.    On February 27, 2025, Defendant accepted service of the above referenced Complaint.

4.    In his Complaint, Plaintiff alleges that he was terminated following reporting a workplace injury. (Compl. pp. 2-3). Based on these factual allegations, Plaintiff brings a claim for wrongful discharge in violation of Pennsylvania Common Law.

5.    Notice of Removal is timely when filed within thirty (30) days of the date upon which Defendant is served with the initial pleading from which it could be ascertained the Plaintiff's case was removable and within one (1) year of the commencement of the action. 28 U.S.C. §1446(b)-(c).

2

6.     To date, Defendant has not made any filings in the State Court Action, including its response to the Complaint, which is currently due to be filed on or before April 28, 2026.

7.     Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint is attached hereto as **Exhibit A**. This document constitutes all "processes, pleadings and orders" served upon Defendant in the State Court Action to date.

### REMOVAL BASED ON DIVERSITY JURISDICTION

8.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.     Defendant is entitled to remove the State Court Action pursuant to 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and foreign states.  28 U.S.C. § 1332(a).

10.     Removal of the State Court Action to this Court is appropriate under 28 U.S.C. § 1332 because complete diversity of jurisdiction exists i.e., Plaintiff and Defendant are citizens of different States and the amount in controversy contemplates an amount exceeding the amount in controversy requirement.

3

11.    Defendant is a Texas corporation with a principal place of business at 4747 McLane Parkway, Temple, TX 76504. As a result, Defendant is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1).

12.    As set forth in the Complaint, Plaintiff is an adult individual currently residing at 409 Kennedy Drive, Archbald, PA 18403. Therefore Plaintiff is, and has been at all relevant times, a citizen of the Commonwealth of Pennsylvania. (Compl. ¶ 3).

13.    Accordingly, complete diversity exists between the parties in the present action pursuant to 28 U.S.C. § 1332.

14.    Moreover, as noted above, the Complaint asserts a claim for wrongful discharge in violation of Pennsylvania Common Law.

15.    The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding $75,000. 28 U.S.C. § 1332(a).

16.    When removal is based on 28 U.S.C. § 1332(a), and the plaintiff does not specifically delineate damages sought in the complaint, courts must measure the amount by a reasonable assessment of the claim at issue. 28 U.S.C. § 1446(c)(2); *see also Werwinski v. Ford Motor Co.¸* 286 F.3d 661, 666 (3d Cir. 2002) (finding that district courts must measure the amount in controversy "not . . . by the low end of

4

an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

17.    As set forth in the Complaint, Plaintiff seeks compensatory damages, including economic compensatory damages, non-economic compensatory damages, punitive damages, costs and expenses, equitable back pay, equitable front pay, and equitable reinstatement.

18.    Given the extensive relief requested by Plaintiff, Defendant submits it is plausible that the amount in controversy for Plaintiff's claims against Defendant exceeds $75,000.[1] *See Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

19.    Accordingly, this action is one over which the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship among all parties in the State Court Action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1] Defendant denies the validity and merit of Plaintiff's claims, including the damages claimed, the legal theory upon which its claims are purportedly based, and the claims for monetary and other relief that flow from them, but properly uses Plaintiff's alleged theories to demonstrate that it is more probable than not the amount in controversy exceeds $75,000. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (determining amount in controversy at time of removal).

20.    The Court of Common Pleas, Lackawanna County is located within the district of the United States District Court for the Middle District of Pennsylvania. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

21.    Venue is also proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

22.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is currently pending.

23.    This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

24.    Defendant reserves all defenses currently available, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of the instant Notice of Removal.

**WHEREFORE**, based on the foregoing, Defendant hereby removes the State Court Action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**JACKSON LEWIS P.C.**


*/s/ Andrew La Fiura*
Andrew D. La Fiura (PA ID # 020112004)
Sophia M. Czerniecki (PA ID # 510822024)
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7809
andrew.lafiura@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendant*

Dated: <u>March 26, 2026</u>

**JACKSON LEWIS P.C.**
Andrew D. La Fiura (PA ID # 020112004)
Sophia M. Czerniecki (PA ID # 510822024)
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7809
andrew.lafiura@jacksonlewis.com
sophia.czerniecki@jacksonlewis.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES AUBLE,<br>409 Kennedy Drive<br>Archbald, PA 18403 | Hon._____, U.S.D.J. |
| Plaintiff,<br>v. | Docket No.: _____ |
| MCLANE EASTERN, INC<br>4747 McLane Parkway<br>Temple, TX 76504 |  |
| Defendant. |  |

## CERTIFICATION OF SERVICE

I hereby certify that true and correct copies of Defendant's Notice of Filing of Notice and Petition for Removal and this Certification of Service were served on this 26th day of March 2026, via the Court's ECF system and electronic mail upon Plaintiff's counsel:

Ari R. Karpf, Esq.
Traci Greenberg, Esq.
**KARPF, KARPF, CERUTTI, P.C.**
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
Phone: (215) 639-0801
akarpf@karpf-law.com
tgreenberg@karpf-law.com

**JACKSON LEWIS P.C.**

*/s/ Andrew D. La Fiura*
Andrew D. La Fiura